

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN EDGAR MILLER LEON, *through "next friend" Loren Junieth Maynar Doña*,<br><br>　　　　　　　　Petitioner,<br><br>　v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>　　　　　　　　Respondents. | Case No. 26-cv-00200-BAS-MMP<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE** |

Loren Junieth Maynar Doña brings this Petition for Writ of Habeas Corpus against the Department of Homeland Security ("DHS"), ostensibly as a "next friend" of Allan Edgar Miller Leon. The Petition includes claims of warrantless arrest, prolonged detention without due process, denial of medical care resulting in deliberate indifference, and unconstitutional conditions of confinement. (ECF No. 1.) Many of these claims are not appropriate for a habeas petition. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the

'legality or duration' of confinement.  A civil rights action, in contrast, is the proper method of challenging 'conditions of confinement.'" (citation modified)).

More problematic, however, is the claim that the Petition is being brought as a "next friend" of the Petitioner and is not signed by the Petitioner.  "'Next friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).  "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163.  There are two prerequisites for claiming "next friend" status.  "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* (citations omitted).  Second, the "next friend" "must have some significant relationship with the real party in interest." *Id.* at 164.  "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.*

In this case, Loren Junieth Maynar Doña fails to meet either prerequisite.  There is no explanation as to why Mr. Miller Leon cannot file on his own behalf.  And there is no explanation in the Petition as to what Mr. Miller Leon's relationship is with the proposed "next friend."[1]

In addition, even if permitting a "next friend" is appropriate in this case, the "next friend" cannot proceed pro se—without a lawyer.  *See, e.g.*, *Pinzon v. Mendocino Cnty. Sheriff's Off.*, No. 22-CV-02388-RMI, 2022 WL 1304093, at *2 (N.D. Cal. May 2, 2022).  Pro se status is only allowed when persons are appearing on their own behalf, not on behalf of others.  *See* Civil Local Rule 83.11.  Therefore, if Loren Junieth Maynar Doña wishes to proceed and satisfies the "next friend" prerequisites, then an attorney must also appear

---

[1] Separately, the Motion for Immediate Release (ECF No. 2) claims that Doña is Leon's "life partner."  However, that does not resolve the issue of why Leon is not filing on his own.  Nor does it remedy the lack of an attorney for Doña to appear on Leon's behalf.

on Doña's behalf. Alternatively, Mr. Miller Leon can file his own Petition and appear pro se on his own behalf.

In light of the foregoing, the Court finds summary dismissal is appropriate. Hence the Court **DISMISSES WITHOUT PREJUDICE** the Petition. (ECF No. 1.) Accordingly, the Court also **TERMINATES AS MOOT** the motion for immediate release. (ECF No. 2.)

Finally, the Clerk of Court shall close the case. In the event that an Amended Petition is filed that corrects the deficiencies identified above, the Court will reopen the case.

**IT IS SO ORDERED.**

**DATED: January 14, 2026**

*[signature]*
**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**